UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>MARC C. OREIRO,<br><br>                Defendant. | CASE NO. 2:25-cr-00138-LK<br><br>ORDER CONTINUING TRIAL |

       This matter comes before the Court on Defendant Marc C. Oreiro's Unopposed Motion to Continue Trial and Pretrial Motions Date. Dkt. No. 40. Mr. Oreiro seeks to continue trial from November 3, 2025 to July 6, 2026, and requests that the Court set a pretrial motions deadline "approximately sixty days before trial." *Id.* at 1; *but see id.* at 5 (requesting that "a new pretrial motions date be established approximately 6 weeks before the new trial date"). The Government does not oppose the motion. *Id.* at 1. For the reasons explained below, the motion is granted.

       Mr. Oreiro is charged by indictment with assault by strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153. Dkt. No. 18 at 1–2. At his arraignment, Mr. Oreiro pleaded not guilty to the charge and requested discovery. Dkt. No. 27. The Court scheduled trial for August 25, 2025,

with pretrial motions due by July 29. *Id.* On July 28, 2025, Mr. Oreiro filed an unopposed motion to continue trial to November 2025, which was subsequently granted. Dkt. Nos. 31, 33; *see also* Dkt. No. 32 (Mr. Oreiro's accompanying speedy trial waiver). The Court reset the deadline for pretrial motions to September 22, 2025 in granting the continuance. Dkt. No. 33 at 2. On September 16, 2025, Mr. Oreiro's then-counsel filed a motion to withdraw, which was subsequently granted, Dkt. Nos. 35, 37–38, as well as a stipulated motion to continue the pretrial motions filing deadline to October 6, 2025, Dkt. No. 34. The Court granted in part and denied in part the parties' stipulated motion, and ordered that the parties could file their pretrial motions on or before September 29, 2025. Dkt. No. 39 at 3. The now-pending motion to continue trial followed on September 25, 2025. Dkt. No. 40.

Newly appointed defense counsel "met for the first time with Mr. Oreiro at the FDC on the morning of September 19, 2025," Dkt. No. 40 at 3, 10 days prior to the current pretrial motions deadline and only one day after counsel's appointment, *see* Dkt. No. 39 at 3. Based on communications with Mr. Oreiro's former attorney, and "the facts detailed in the complaint and the discovery indexes," Mr. Oreiro's newly appointed counsel states that

> discovery in the case consists of reports by the initial investigating agency, Lummi Nation Police Defendant, and the subsequent investigating agency, the Federal Bureau of Investigation, includes a significant volume of ring surveillance footage and body worn video recordings as well as reports regarding prior investigations of Mr. Oreiro. Additional discovery will also include forensic testing results. The discovery appears to include over 1000 Bates numbered item/pages as well as dozens of various ring and police body camera video recordings. Current counsel has had the opportunity to scan through the discovery but has not had the time yet to carefully review the materials. That review will take significant time.

Dkt. No. 40 at 3–4. Mr. Oreiro's newly appointed counsel "has federal trials scheduled in *United States v. Keodara*, CR25-002-KKE for December 1, 2025, *United States v. Thompson*, CR25-033-TL set for January 26, 202[6], *United States v. Johnson*, CR24-164-JNW set for February 2, 202[6], *United States v. Palm*, CR23-058-RAJ set for February 17, 202[6], *United States v.*

ORDER CONTINUING TRIAL - 2

1   *Sherwood*, CR22-127-RAJ set for April 6, 202[6], and *United States v. Cunningham*, CR23-090-
2   JHC set for June 15, 202[6]." *Id.* at 4. Mr. Oreiro has waived his speedy trial rights through July
3   31, 2026. Dkt. No. 41 at 1.

4       Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A),
5   the Court finds that the ends of justice served by granting a continuance outweigh the best interests
6   of the public and Mr. Oreiro in any speedier trial. The Court finds that failure to grant the requested
7   continuance would likely result in a miscarriage of justice by denying Mr. Oreiro's counsel the
8   reasonable time necessary to effectively prepare for trial, to review discovery, to investigate the
9   matter, to gather evidence material to the defense, and to pursue possible defenses, taking into
10  account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court finds that the
11  additional time granted herein is a reasonable period of delay and will be necessary to provide
12  counsel reasonable time to accomplish the above tasks. For these reasons, the Court GRANTS the
13  motion, Dkt. No. 40, and ORDERS that trial in this matter shall be continued to July 6, 2026. It is
14  further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from
15  the date of this Order to the new trial date is EXCLUDED when computing the time within which
16  Mr. Oreiro's trial must commence under the Speedy Trial Act. Pretrial motions are due no later
17  than May 7, 2026. If expert testimony is anticipated, the parties must propose a date prior to trial
18  (either at or before the pretrial conference) for a Daubert hearing.

19      Dated this 30th day of September, 2025.

                                      Lauren King
                                      United States District Judge